UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **KIMBERLY DEINLEIN**, | ) | |
| Plaintiff, | ) | 03:10-cv-00118-HU |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| **MICHAEL J. ASTRUE**, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

James S. Coon
Swanson Thomas Coon & Newton
820 SW Second Avenue, Suite 200
Portland, OR 97204

    Attorney for Plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Jordan D. Goddard
Special Assistant United States Attorney
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - FINDINGS AND RECOMMENDATIONS

**HUBEL, J.,**

Currently before the court is plaintiff Kimberly Deinlein's ("Plaintiff") unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). The fee requested is $3,825.00, which Plaintiff's counsel represents to be 4% of the retroactive benefits awarded.[1] Based on the factors established in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002), and explained in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), Plaintiff's motion (Docket No. 24) for § 406(b) fees should be **GRANTED**.

### *I.   BACKGROUND*

On March 7, 2005, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. Her applications were denied initially and upon reconsideration. On June 16, 2007, a hearing was held before an Administrative Law Judge ("ALJ"), who issued a decision denying Plaintiff's claims on September 25, 2007. On December 4, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision to deny benefits the Commissioner of Social Security's final decision. An appeal to this Court followed.

On appeal, Plaintiff alleged the ALJ erred by: (1) improperly rejection the opinion of a treating physician; (2) failing to fully and fairly develop the record; (3) presenting a deficient hypothetical to the vocational expert; and (4) improperly failing to fully credit Plaintiff's subjective symptom testimony. The Commissioner sought an order affirming the denial of benefits. On

---

[1] Under § 406(b), the court may award a reasonable fee no more than 25% of the claimant's retroactive award.

2 - FINDINGS AND RECOMMENDATIONS

May 6, 2011, the undersigned recommended reversing the Commissioner's decision and remanding this case for further development of the record and reconsideration by the ALJ. Judge Redden adopted my Findings and Recommendation as his own opinion on June 15, 2011.

On May 9, 2012, after receiving a favorable decision upon reconsideration, Plaintiff filed her motion for § 406(b) fees, which is presently before the Court. Plaintiff has not filed a motion for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

## *II. LEGAL STANDARD*

### *A. The Statute*

In Social Security cases, attorney fee awards are governed by § 406(b), which provides in pertinent part:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

### *B. Controlling Precedent*

*Gisbrecht* concerned fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 792. Specifically, the Supreme Court addressed the question, which sharply divided the Federal Courts of Appeals: "What is the appropriate starting point for judicial determinations of a reasonable fee [under § 406(b)] for representation before the court?" *Id.*

For the purposes of the opinion, the Supreme Court consolidated three separate actions where the District Court, based

3 - FINDINGS AND RECOMMENDATIONS

on Circuit precedent, declined to give effect to the attorney-client fee arrangement. *Id.* at 797. Instead, the District Court employed a lodestar method whereby the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee. *Id.* at 797-98. The *Gisbrecht* court concluded that § 406(b) requires a court to review the contingent-fee arrangement, to assure they yield reasonable results. *Id.* at 807. Congress provided one boundary line: contingent-fee agreements are unenforceable if they exceed 25% of past-due benefits. *Id.* Within that 25% boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Courts are instructed to first test the contingent-fee agreement for reasonableness. *Id.* at 808. An award of § 406(b) fees can be appropriately reduced based on (1) the character of the representation; (2) the results achieved; (3) when representation is substandard; (4) if the attorney is responsible for delay; and (5) if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* The claimant's attorney may be required to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases in order to aid the court's assessment of reasonableness. *Id.* Lastly, the *Gisbrecht* court added that "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

4 - FINDINGS AND RECOMMENDATIONS

In *Crawford*, the Ninth Circuit reviewed three consolidated appeals and determined that, in each case, the district court failed to comply with *Gisbrecht's* mandate. *Crawford*, 586 F.3d at 1144. In each of the three cases, the claimant signed a written contingent-fee agreement whereby the attorney would be paid 25% of any past-due benefits awarded. The *Crawford* court noted that contingency-fee agreements, which provide for fees of 25% of past-due benefits, are the norm for Social Security practitioners. *Id.* at 1147. However, since the Social Security Administration ("SSA") "has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure the reasonableness of the fee is established." *Id.* at 1149. Performance of that duty begins by asking whether the amount of the fee agreement need be reduced. *Id.*

At the outset, the attorneys requested fees representing 13.94%, 15.12% and 16.95% of past-due benefits, *id.* at 1145-47, because they felt "the full 25% fee provided for by their fee agreements would be unreasonable." *Id.* at 1150 n.8. If the attorneys had received the 25% fee provided for by their agreements, they would have been awarded fees ranging from $19,010.25 to $43,055.75. *Id.* at 1150. Even so, the district courts still reduced the contracted fees by between 53.7% and 73.30%, which produced fees that represented 6.68% to 11.61% of the past-due benefits. *Id.* All three decisions were overruled because they relied on lodestar calculations and rejected the primacy of lawful attorney-client fee agreements. *Id.* That is to say, the district courts erroneously began with a lodestar calculation by

5 - FINDINGS AND RECOMMENDATIONS

comparing the lodestar fee to the requested fee award. *Id.* As the Ninth Circuit recognized:

> In *Crawford*, for example, the district court awarded 6.68% of the past-due benefits. From the lodestar point of view, this was a premium of 40% over the lodestar. . . . But from the contingent-fee point of view, 6.68% of past-due benefits was over 73% less than the contracted fee and over 60% less than the [already] discounted fee the attorney requested. Had the district court started with the contingent-fee agreement, ending with a 6.68% fee would be a striking reduction from the parties' fee agreement. This difference underscores the practical importance of starting with the contingent-fee agreement and not just viewing it as an enhancement.

*Id.* at 1150-51.[2].

### *III.   DISCUSSION*

#### *A.   The Fee Arrangement*

Here, a contingent-fee agreement exists between Plaintiff and her attorney, by which they agreed that the attorney fee for work in federal court would be the greater of: (1) 25% of any past-due benefits received, or (2) any EAJA award obtained. (Mem. Supp. Mot. Ex. 3 at 2.) By its terms, the contingent-fee agreement is within the statutory limits. The next inquiry is whether the fee sought exceeds § 406(b)'s 25% ceiling, which requires evidence of total past-due benefits. *Dunnigan v. Astrue*, No CV 07-1645-AC, 2009 WL 6067058, at *9 (D. Or. Dec. 23, 2009).

According to the SSA's Notice of Award, Plaintiff received $98,811.00 in past-due benefits and the SSA withheld 25% ($24,702.75) to cover potential attorneys' fees under § 406(b). Plaintiff's counsel only seeks $3,825.00 in fees which is dramatically less than the statutory ceiling.

---

[2] The attorneys in *Washington* and *Trejo* were dealt a 23% and 47% reduction, respectively. *Id.* at 1151 n.9.

6 - FINDINGS AND RECOMMENDATIONS

### B. *The Reasonableness of the Fee Sought*

Since the statutory ceiling has not been exceeded, I turn now to my primary inquiry, the reasonableness of the fee sought.

### 1. *Character of Representation*

Substandard performance by a legal representative warrants a reduction in a § 406(b) fee award, as *Gisbrecht* and *Crawford* make clear. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Examples of substandard representation include poor preparation for hearings, failing to meet briefing deadlines, submitting documents to the court that are void of legal citations, and overbilling one's clients. *Dunnigan*, 2009 WL 6067058, at *11 (citing *Lewis v. Sec'y of Health and Human Servs.*, 707 F.2d 246, 250-51 (6th Cir. 1983)).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation.

### 2. *The Results Achieved*

With respect to the results achieved, the court's assessment should focus on whether counsel's efforts made a meaningful and material contribution. *Dunnigan*, 2009 WL 6067058, at *11 (citation omitted). As Judge Acosta aptly noted in *Dunnigan*, social security practitioners face a far less daunting challenge when the Commissioner agrees the case should be remanded, as opposed to arguing to uphold the ALJ's decision because the errors could not be reversed under the controlling standard of review. *Id.*

Plaintiff encountered opposition from the Commissioner in this case. Plaintiff's counsel had to evaluate the record and file a brief. The undersigned prepared a Findings and Recommendation

7 - FINDINGS AND RECOMMENDATIONS

regarding the alleged errors by the ALJ. After the District Judge adopted my Findings and Recommendation and remanded the case for further administrative proceedings, Plaintiff was awarded benefits. Although the Commissioner did not object to the Findings and Recommendation, the circumstances here do not support a reduction under this factor.

### 3. Delay Attributable to the Attorney

The court may reduce a § 406(b) fee for delays in the proceedings attributable to the claimant's attorney. *Crawford*, 586 F.3d at 1151. The *Gisbrecht* court observed that a reduction on this ground is appropriate if the requesting attorney inappropriately caused delay in proceedings, so that the attorney "will not profit from the accumulation of benefits" while the case is pending. *Gisbrecht*, 535 U.S. at 808.

With respect to this factor, no reduction is warranted because Plaintiff's counsel only requested a 30-day extension of time to file his opening brief, which did not cause an unreasonable delay or result in the accumulation of benefits.

### 4. Proportionality of the Fee Request to the Time Expended

The court may reduce a § 406(b) fee "for . . . benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citation omitted). Court may look to counsel's record of hours spent and a statement of normal hourly billing in order to make such a determination. *Id.*

According to Plaintiff's counsel, 12 hours were reasonably expended on the merits of this case, which results in an effectively hourly rate of $318.75 ($3,825.00/12) if the requested fee was approved. This is perhaps the lowest effective hourly rate

8 - FINDINGS AND RECOMMENDATIONS

proposal under § 406(b) in this judge's recent experience and comes from an attorney who enjoys an excellent reputation. "There is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a Social Security case that does not present particular difficulty." *Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007). Although the briefing filed by Plaintiff's counsel only totaled 15 pages, the overall hours claimed by counsel are reasonable. In addition, the requested fee, which is significantly lower than the fees bargained for in the contingent-fee agreement, is not excessively large in relation to benefits received. In fact, the fee requested represents less than 4% of the retroactive benefits awarded.

In sum, *Crawford* made clear that district courts have an "affirmative duty" to assure the reasonableness of a § 406(b) fee award because the SSA "has no direct interest in how much of the award goes to counsel and how much to the disabled person." *Crawford*, 586 F.3d at 1149. I find that a reduction is not warranted in this case.

### *IV.   CONCLUSION*

Based on the foregoing reasons, Plaintiff's motion (Docket No. 24) for § 406(b) fees should be **GRANTED**. Plaintiff's counsel should be awarded $3,825.00 in § 406(b) fees.

### *V.   SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **June 25, 2012.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **July 12, 2012.** When the response is due or filed, whichever

9 - FINDINGS AND RECOMMENDATIONS

date is earlier, the Findings and Recommendation will go under advisement.

Dated this _5th___ day of June, 2012.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
Unites States Magistrate Judge

10 - FINDINGS AND RECOMMENDATIONS